IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MOUSEN ADEN #479219, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-00513 |
| SOMALIA PERMANENT MISSION TO U.N., | ) Judge Campbell |
| Defendant. | ) |

## MEMORANDUM

Plaintiff Mousen Aden, an inmate of Riverbend Maximum Security Institution filed this *pro se* action against the Somali Republic's Permanent Mission to the United Nations pursuant to 28 U.S.C. § 1351. The complaint (Docket Entry No. 1) is before the Court for initial review pursuant to 28 U.S.C. §§ 1915(e)(2).

**I.  Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held

to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.   Factual Allegations

Plaintiff complains that Defendant has failed to enter into diplomatic treaties in order to procure the resources necessary to establish a military capable of defending Somali citizens and sovereign resources. He complains that the civil war persisting in Somalia since 1993, and the lack of governmental defenses, has allowed terrorists and pirates to organize in Somalia and has disrupted Somalia's commercial activities. He seeks to force Defendant "to procure appropriation in estimates of $1 billion to enter into contract with either France or United States" to establish a Somali military and "restablish [sic] 'police powers' in Somalia."

## III.  Discussion

### A. The Foreign Sovereign Immunities Act Bars Any Claim Against Somalia

"The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state ... as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity." 28 U.S.C. § 1330(a). The Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et seq.*, however, provides the sole basis for obtaining jurisdiction over a foreign sovereign in a United States court. *See Republic of Arg. v. Weltover, Inc.*, 504 U.S. 607, 610-11 (1992). Under the FSIA, foreign states are presumptively immune from suit. 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). In order to rebut the FSIA's presumption of immunity, a plaintiff must demonstrate that the relevant activities of the foreign state fall within one of the FSIA's enumerated exceptions to immunity. *See* 28 U.S.C. §§ 1605-1607. If the plaintiff fails to rebut the presumption of immunity, then the court lacks subject-matter jurisdiction over the claim against the foreign state. *Id.*

Somalia is presumptively immune from suit in the courts of the United States, and Plaintiff does not link Somalia's alleged failures to any of the exceptions found in the FSIA. Moreover, it is clear that none of those exceptions are even hypothetically relevant to this case, which does not involve commercial activities, noncommercial tortious activities within the United States or any property located in this country. *See* 28 U.S.C. §§ 1605-1607. Therefore, to the extent Plaintiff is attempting to sue Somalia, his suit must be dismissed with prejudice, for lack of subject-matter jurisdiction. *See Nelson*, 507 U.S. at 355; *see also Johnson v. U.K. Gov't*, 608 F.Supp.2d 291, 294-95 (D.Conn. 2009).

**B. The Somali Mission and Ambassador are Immune from Suit**

District courts have original, exclusive jurisdiction over "members of a [diplomatic] mission or members of their families." 28 U.S.C. § 1351. Ambassadors, as heads of diplomatic missions, are included within this provision. *E.g., Montuya v. Chedid*, 779 F.Supp.2d 60, 61-62 (D.D.C. 2011). "Jurisdiction under section 1351, however, may be limited by statute or treaty, such as the FSIA or the Vienna Convention." *Johnson*, 608 F.Supp.2d at 295 (citing *Whitney v. Robertson*, 124 U.S. 190 (1888)).

Under Article 31(1) of the Vienna Convention on Diplomatic Relations ("VCDR"), diplomatic agents, including ambassadors, "enjoy immunity from [the receiving state's] civil and administrative jurisdiction." VCDR, art. 31(1); *Montuya*, 779 F.Supp.2d at 62. Congress implemented the VCDR through the Diplomatic Relations Act, 22 U.S.C. § 254d, which provides: "Any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations ... shall be dismissed." *Id.*

Like the FSIA, the VCDR provides exceptions to diplomatic immunity. Those exceptions are: (a) actions involving private immovable property situated in the territory of the receiving State, unless the property is held on behalf of the sending State for the purposes of the mission; (b) actions relating to succession, where the diplomatic agent is involved as executor, administrator, heir or legatee in his private capacity; and (c) actions relating to the diplomatic agent's professional or commercial activities in the receiving State **outside his official functions**. VCDR, art. 31(1) (emphasis added). Plaintiff's allegations in this case related directly to the Somalia Permanent Mission's official diplomatic functions, and are not saved by any of these exceptions. Therefore, Plaintiff's claims against Somalia's Permanent Mission or its Ambassador must also

be dismissed with prejudice. 22 U.S.C. § 254d.

## IV. CONCLUSION

For the reasons set forth herein, the Court lacks jurisdiction over this action, and the action will be DISMISSED with prejudice. An appropriate order is filed herewith.

_____
Todd Campbell
United States District Judge